## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

### PARKERSBURG DIVISION

EDMUND C. STOVER,

    Plaintiff,

v.           CIVIL ACTION NO.  6:12-cv-00734

CAROLYN W. COLVIN,
Acting Commissioner of Social Security,

    Defendant.

### MEMORANDUM OPINION AND ORDER

  Before the Court is Plaintiff Edmund C. Stover's Complaint seeking review of the decision of the Acting Commissioner of Social Security ("Commissioner") [ECF 1].  By Standing Order entered September 2, 2010 and filed in this case on March 16, 2012, this action was referred to former United States Magistrate Judge Mary E. Stanley for submission of proposed findings and a recommendation ("PF&R").  On April 8, 2013, this action, following Magistrate Judge Stanley's retirement, was referred to United States Magistrate Judge Dwane L. Tinsley.  Magistrate Judge Tinsley filed his PF&R [ECF 15] on August 21, 2013, recommending that this Court affirm the final decision of the Commissioner and dismiss this matter from the Court's docket.

  Pursuant to Rule 72(b)(3) of the Federal Rules of Civil Procedure, the Court must determine de novo any part of a magistrate judge's disposition to which a proper objection has been made.  The Court is not required to review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or

recommendation to which no objections are addressed. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Failure to file timely objections constitutes a waiver of de novo review and the Petitioner's right to appeal this Court's Order. 28 U.S.C. § 636(b)(1); *see also Snyder v. Ridenour*, 889 F.2d 1363, 1366 (4th Cir. 1989); *United States v. Schronce*, 727 F .2d 91, 94 (4th Cir. 1984). In addition, this Court need not conduct a de novo review when a party "makes general and conclusory objections that do not direct the Court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

Plaintiff filed timely objections to the PF&R on September 4, 2013. For the reasons that follow, the Court **OVERRULES** Plaintiff's objections, **ADOPTS** the PF&R, **AFFIRMS** the final decision of the Commissioner, and **DISMISSES** Plaintiff's Complaint.

## I. PROCEDURAL BACKGROUND

The facts concerning this matter are accurately and more fully set forth in the PF&R. In short, Plaintiff filed an application for supplemental security income ("SSI") on February 26, 2008, alleging disability beginning January 1, 2007. Plaintiff claimed that he was disabled due to back problems, hip and knee problems, and poor vision. His application was denied initially and upon reconsideration.

At Plaintiff's request, a hearing was held before Administrative Law Judge Michelle Wolfe ("ALJ") on October 19, 2010. The ALJ received medical record evidence, and both Plaintiff and a vocational expert offered testimony.

By decision dated October 28, 2010, the ALJ determined that Plaintiff was not entitled to benefits. Using the five-step sequential evaluation process set forth in 20 C.F.R. § 404.1520, the ALJ found that (1) Plaintiff has not engaged in substantial gainful activity since the alleged

disability onset date of January 1, 2007; (2) Plaintiff's degenerative joint disease of the lumbar spine qualifies as a severe impairment; (3) Plaintiff does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments under the governing regulations; (4) Plaintiff has the residual functional capacity ("RFC") to perform light work, with certain limitations, preventing the performance of past relevant work; and (5) Plaintiff could nonetheless perform jobs such as a cleaner, laundry worker, and cafeteria worker. (ECF 9 at 11-16.)

Plaintiff's request for review of the ALJ's decision was denied by the Social Security Administration's Appeals Council and, thus, the ALJ's decision became the final decision of the Commissioner. Having exhausted his administrative remedies, Plaintiff sought judicial review by this Court on March 15, 2012. Following briefing by the parties, Magistrate Judge Tinsley filed a PF&R, recommending that this Court affirm the Commissioner's final decision.

## II.     PLAINTIFF'S OBJECTIONS

Plaintiff lodges three objections to the PF&R. First, Plaintiff contends that the Magistrate Judge erred in accepting the ALJ's finding that he does not have a severe hip or knee impairment. Second, Plaintiff argues that the ALJ was wrong to discredit his testimony regarding the extent of his medical impairments; therefore, the Magistrate Judge erred by recommending that the ALJ's dismissal of his subjective complaints was supported by applicable regulations. Third and finally, Plaintiff claims that the ALJ erroneously relied on the vocational expert's answer to a hypothetical question that did not take into account his hip and knee impairments. He thus finds fault with the Magistrate Judge's proposed finding that this hypothetical question was appropriate in all respects.

### III. STANDARD OF REVIEW

The Court has a narrow role in reviewing claims brought under the Social Security Act. This Court is authorized to review the Commissioner's denial of benefits, as set forth by his designee, the ALJ, under 42 U.S.C. §§ 405(g) and 1383(c)(3). Its review is limited to determining whether the contested factual findings of the Commissioner are supported by substantial evidence and were reached through application of correct legal standards. *See Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987). The findings of the Commissioner as to any fact shall be conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). "Substantial evidence is 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion[.]'" *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). "It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966).

If substantial evidence exists, the Commissioner's final decision must be affirmed. *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). "In reviewing for substantial evidence, [the court should not] undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the [Commissioner]." *Craig*, 76 F.3d at 589 (citing *Hays*, 907 F.2d at 1456). A review of the Commissioner's decision must be made on the record as a whole. *Flack v. Cohen*, 413 F.2d 278, 279 (4th Cir. 1969). Assuming error by the Commissioner, reversal is not required where the alleged error clearly had no bearing on the procedure used or the substance of the decision reached by the ALJ. *See Ngarurih v. Ashcroft*, 371 F.3d 182, 190 n. 8 (4th Cir. 2004) ("While the general rule is that an administrative order cannot be upheld unless the grounds upon which the agency acted in exercising its powers were those upon which

its action can be sustained, reversal is not required where the alleged error clearly had no bearing on the procedure used or the substance of the decision reached.").

## IV. DISCUSSION

### A. Plaintiff's First Objection

Plaintiff contends that the ALJ erred in finding that his hip and knee pain were not severe impairments. Under applicable regulations, severe impairments are those which significantly limit a claimant's ability to perform work activities. 20 C.F.R. § 404.1520(c). An impairment is not severe only if it is a slight abnormality which has such a minimal effect on the individual that it would not be expected to interfere with the individual's ability to do basic work activities. *Evans v. Heckler*, 734 F.2d 1012, 1014 (4th Cir. 1984). Plaintiff asserts that his knee and hip pain are more than slight abnormalities under this standard.

Substantial evidence supports the ALJ's determination that Plaintiff's hip and knee pain were not severe impairments. The ALJ pointed out that Plaintiff's treatment records from the Veteran's Administration Medical Clinic ("VAMC") reveal only one complaint of dull pain in the right hip on August 15, 2008 and no further complaints at subsequent visits. (ECF 9 at 12.) Medical evidence obtained through separate consultative examinations also did not support the existence of a severe hip or knee impairment. During an examination conducted by Rakesh Wahi, M.D. on January 29, 2007, Dr. Wahi found normal range of motion in Plaintiff's lower extremities. With the exception of noting mild crepitus in the knees, he found no objective basis for Plaintiff's severe subjective symptoms in the lower extremities. (ECF 9-5 at 365-66.)

Dr. Sushil M. Sethi conducted a consultative examination on July 22, 2008. Dr. Sethi also concluded that there was no objective basis for Plaintiff's hip and knee complaints. As noted by the ALJ, Dr. Sethi reported no brawny edema in Plaintiff's lower extremities. (ECF 9

5

at 12.) Plaintiff's lower extremity strength was reported as normal and he had full range of motion in his hips. (ECF 9-4 at 347.) Plaintiff's flexion and extension of his knees was 130 out of 150 degrees. (*Id.* at 346.) Without medical evidence to support Plaintiff's complaints of hip and knee pain, the ALJ appropriately found that Plaintiff's assertions alone did not establish a severe impairment. *See* 20 C.F.R. § 416.929.

   B. *Plaintiff's Second Objection*

  Plaintiff argues that the ALJ improperly discredited his complaints of back pain in evaluating his RFC. Under 20 C.F.R. §§ 416.929(a) and 404.1529(a), "the determination of whether a person is disabled by pain or other symptoms is a two-step process." *Craig*, 76 F.3d at 594. First, there must be objective medical evidence showing that there is an underlying physical or mental impairment that could reasonably be expected to produce the claimant's pain or other alleged symptoms. *Id.* (citing 20 C.F.R. §§ 416.929(b), 404.1529(b)). Next, once the ALJ concludes that this threshold requirement is met, the ALJ evaluates the intensity and persistence of the claimant's symptoms to determine whether those symptoms limit the claimant's capacity for work. 20 C.F.R. § 416.929(c)(1). With regard to this second step, the Fourth Circuit has stated:

> [T]his evaluation must take into account not only the claimant's statements about [his] pain, but also "all the available evidence," including the claimant's medical history, medical signs, and laboratory findings . . . any objective medical evidence of pain; . . . and any other evidence relevant to the severity of the impairment, such as evidence of the claimant's daily activities, specific descriptions of the pain, and any medical treatment taken to alleviate it.

*Craig*, 76 F.3d at 595. The ALJ may not disregard a claimant's statements about his pain merely because they are not substantiated by objective evidence of the pain itself or its severity, *Walker v. Bowen*, 889 F.2d 47, 49 (4th Cir. 1989), but "they need not be accepted to the extent they are inconsistent with the available evidence, including objective evidence of the underlying

impairment, and the extent to which that impairment can reasonably be expected to cause the pain the claimant alleges [he] suffers." *Craig*, 76 F.3d at 595.

In this case, the ALJ followed this two-step process and found the existence of a physical impairment, namely, Plaintiff's degenerative lumbar disease. (ECF 9 at 13.) At step two of the analysis, however, the ALJ found that Plaintiff's "statements concerning the intensity, persistence and limiting effects of [his] symptoms are not credible to the extent they are inconsistent with the above residual functional capacity assessment." (*Id.*) Plaintiff takes issue with the Magistrate Judge's approval of the ALJ's treatment of his subjective complaints.

Contrary to Plaintiff's assertion, the ALJ did not discredit his testimony *solely* because he could not produce objective medical evidence of his pain and other symptoms. Rather, the ALJ evaluated the credibility of Plaintiff's statements in light of the competing evidence of record. This competing evidence included, for example, Plaintiff's own description of his daily activities. Plaintiff testified that he does a lot of cooking, completes household chores such as vacuuming and mowing the lawn, attends church, goes to movies when he can afford to do so, and shops. He testified that he plans to use his home computer "[a]s soon as it gets hooked up." (ECF 9-5 at 413.) Plaintiff also reported to Dr. Wahi and Dr. Sethi that he enjoyed model making and woodworking and that he performed odd jobs around the home. The ALJ found that the evidence of Plaintiff's activity level, together with the lack of objective medical evidence, conflicted with Plaintiff's allegations of severely reduced physical ability due to back pain. The Court therefore finds that substantial evidence supports the ALJ's assessment of Plaintiff's credibility.

C. *Plaintiff's Third Objection*

Plaintiff complains that the second hypothetical question posed by the ALJ to the vocational expert did not take into account his alleged hip and knee impairments. "In order for a vocational expert's opinion to be relevant or helpful, it must be based upon a consideration of all other evidence in the record . . . and it must be in response to proper hypothetical questions which fairly set out all of claimant's impairments." *Walker v. Bowen*, 889 F.2d 47, 50 (4th Cir. 1989) (internal citations omitted). It follows that if the record does not support the existence of an impairment, the ALJ need not include it in the hypothetical question. *See Johnson v. Barnhart*, 434 F.3d 650, 659 (4th Cir. 2005).

Plaintiff's objection is without merit. As explained above, substantial evidence supports the ALJ's conclusion that Plaintiff suffers from no more than a slight hip and knee impairment. There was thus no need for the vocational expert to consider these limitations in order to render a relevant opinion. The ALJ asked the vocational expert whether an individual with Plaintiff's education, work experience, and RFC for light work; who can never climb ladders, ropes or scaffolds; who can occasionally balance, stoop, crawl, kneel, and climb; and who must avoid concentrated exposure to cold temperature extremes, vibrations, and hazards; could find suitable employment. (ECF 9-5 at 418.) The vocational expert responded in the affirmative and identified jobs such as a cleaner, laundry folder, and cafeteria worker. (*Id.*) The Court finds that this hypothetical question adequately accommodated the exertional and nonexertional limitations that were supported by the record. The ALJ did not err in relying on the vocational expert's answer to this question as evidence of work that Plaintiff could perform.

## V. CONCLUSION

For the reasons stated above, the Court **FINDS** that the ALJ's decision was supported by substantial evidence and was made through application of correct legal standards. The Court therefore **OVERRULES** Plaintiff's objections, **ADOPTS** the PF&R [ECF 15], **AFFIRMS** the final decision of the Commissioner, **DISMISSES** the Complaint [ECF 1], and **DIRECTS** the Clerk to remove this case from the Court's docket.

**IT IS SO ORDERED.**

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: September 13, 2013

THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE